# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARGARET F. ADAY, )
)
       Plaintiff, )
)
vs. )
) Case No. CIV-13-431-R
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration, )
)
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income payments (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## PROCEDURAL HISTORY

Plaintiff's SSI application was denied initially and on reconsideration at the administrative level. At her request, Plaintiff appeared at a hearing before Administrative Law Judge (ALJ) who issued an unfavorable decision on November 30, 2011 (TR. 9-20).

Plaintiff appealed the ALJ's unfavorable decision to the Social Security Appeals Council which denied Plaintiff's request for review on March 19, 2013 (TR. 1-5). Plaintiff then filed this action for judicial review.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to two inquiries: whether the administrative decision was supported by substantial evidence and whether the correct legal standards were applied. *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's SSI application, the ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 7, 2010, the amended alleged onset date (TR. 14). At step two, the ALJ determined that Plaintiff has severe impairments consisting of aortic stenosis with valve replacement, a poorly healed fracture of the right humerus, and obesity (TR. 14). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 14).

At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of light exertion work as defined in 20 CFR 416.967(b). The claimant can lift and/or

2

> carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an 8-hour workday and can stand and/or walk for about 6 hours during an 8-hour workday

(TR. 15). At the second phase of step four, the ALJ determined that Plaintiff has no past relevant work (TR. 19).

The ALJ applied the Medical-Vocational Guidelines at step five of the sequential evaluation, 20 C.F.R. Part 404, Subpart P, Appendix 2. He determined that, based on Plaintiff's age, education, work experience, and residual functional capacity, Medical-Vocational Rule 202.13 directed a finding of "not disabled" (TR. 19-20).

## ISSUE PRESENTED FOR REVIEW

Plaintiff contends that the ALJ erred in failing to consider nonexertional limitations, such as limitations in her ability to reach with her right arm, resulting from injury to her right humerus.

## ANALYSIS

Plaintiff contends the ALJ erred in failing to include in the RFC the nonexertional limitations resulting from her broken, poorly healed right humerus, a condition the ALJ properly identified as "severe" at step two of the sequential evaluation process. Specifically, Plaintiff contends that the limited range of motion, demonstrated by tests performed by a consultative physician, has resulted in her inability to fully raise her right arm and to reach in all directions (Plaintiff's Opening Brief, ECF 14 at 9).

Evidence in the record supports Plaintiff's allegations of limited range of motion and pain. Indeed, the ALJ's step two finding that Plaintiff's right upper arm impairment is severe is supported by substantial evidence in the record.

Dr. Alain Le examined Plaintiff on February 2, 2011 (TR. 363-369). Dr. Le documented Plaintiff's reduced range of motion in her right arm (TR. 363). Dr. Le also noted a knot in Plaintiff's right mid humerus consisting of muscle swelling and tenderness. According to Dr. Le, these symptoms are consistent with a poorly healed right humerus fracture (TR. 369). Plaintiff reported constant pain rated at 8-10 with 10 being the worst pain.

The ALJ's RFC assessment does not include any manipulative limitations resulting from the reduced range of motion in Plaintiff's right arm and shoulder. But as Plaintiff notes, she would necessarily have work-related limitations relating to reaching or "extending the hands and arms in any direction" (ECF 14, at 9). Common sense dictates that limited range of motion in the arm and shoulder would result, as Plaintiff contends, in limitations in the ability to reach and extend her arm. *See* SSR 85-15, 1985 WL 56857 at *2 (Nonexertional limitations can affect the abilities to reach; to seize, hold, grasp, or turn an object (handle)).

The Commissioner relies on an RFC assessment prepared by a nonexamining agency physician, finding Plaintiff to have the exertional capacity to perform the full range of light work (TR. 372-379). The Commissioner also points to one examination by Plaintiff's treating physician stating that Plaintiff, at that time, denied trauma to any part of her body. But on that occasion, Plaintiff was seeking treatment for chest pains at rest and inability to sleep at night (TR. 384). Dr. Anwar did not test Plaintiff's range of motion or examine her extremities.

The ALJ purportedly gave "great weight" to the "opinions of the State agency medical consultants" because "these are well supported by medically acceptable clinical and laboratory findings" (TR. 19). But the ALJ's RFC assessment actually ignores the findings of Dr. Le, an examining State agency medical consultant. Had the ALJ given any weight to Dr. Le's findings, the ALJ would have included manipulative limitations resulting from Plaintiff's poorly healed broken right humerus including, as Plaintiff contends, limitations in reaching. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of disability. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Moreover, the ALJ noted that Plaintiff complained of pain in her arm, but he apparently rejected her allegations of pain based primarily on the fact that one doctor in one medical record "evidently did not think x-rays were necessary" (TR. 18).

At step five of the sequential evaluation, the ALJ applied the Medical Vocational Guidelines and, because the ALJ had concluded that Plaintiff could perform the full range of light work, the ALJ determined that Plaintiff was not disabled. But if a claimant has nonexertional limitations, an ALJ commits legal error by relying solely on the Medical Vocational Guidelines to determine that a claimant is not disabled:

> Where individuals also have nonexertional limitations of function or environmental restrictions, the table rules provide a *framework* for consideration of how much the individual's work capability is further diminished in terms of any types of jobs within these exertional ranges that would be contraindicated by the additional limitations or restrictions

(SSR 85-15 at *1) (emphasis added). *See Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). *See also Channel v. Heckler*, 747 F.2d 577, 580 (10th Cir. 1984).

Because the ALJ failed to include nonexertional limitations in his RFC, he erroneously relied conclusively on the Medical Vocational Guidelines to determine that Plaintiff was not disabled. These errors require reversal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further consideration consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **June 13, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 30, 2014.



SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE